HAWTHORNE, Justice.
 

 The principal purpose of this suit is to enforce specific performance of a written
 
 *327
 
 promise to sell certain real estate situated in the City of New Orleans.
 

 Mrs. Margaret Sispela, wife of Milo Cox, acquired the property involved in this suit from Frank Hemenway on August 16, 1940, by act of sale which recited that the purchase was made with the separate and paraphernal funds of the purchaser.
 

 On August 22 of the same year, Mrs. Margaret Sispela Cox and her husband, Milo Cox, made, named, appointed, and constituted John Lingle, a resident of the City of New Orleans, as their true and lawful attorney-in-fact, general and special, giving him full power and authority to sell, transfer, and convey all or any part or parts of any real estate owned by said principals, and to receive the price therefor; to make, sign, and execute in the name of the said principals all acts of sale, contracts, deeds, or agreements; to draw, endorse, and accept bills of exchange; to make checks, etc.
 

 On July 29, 1943, John Lingle executed and signed a promise to sell, through certain real estate brokers, real estate located at 639-641 St. Charles Street in the City of New Orleans for the price and sum of $13,500, according to certain terms, stipulations, and conditions set forth in the promise
 
 to
 
 sell. The property described in this promise to sell is that which was acquired by Mrs. Margaret Sispela Cox on August 16, 1940, from Frank Hemenway.
 

 On July 29, 1943, plaintiff, Theo Primos, executed and signed a written acceptance of this promise to sell, and made at that time a cash deposit of $1350 with the real estate brokers.
 

 On September 24, the attorney for Theo Primos notified John Lingle by letter that his client was ready to take title to the property, pursuant to the terms, conditions, and stipulations of the promise to sell, the deed to be executed in the office of the purchaser’s notary at 2:30 p. m. on September 29, 1943.
 

 On that date Lingle appeared at the office of the notary, and signed and executed the deed conveying the property in question, signing as agent and attorney-in-fact for Mrs. Margaret Sispela Cox and Milo Cox. After the deed had been, executed, an argument arose between the parties with reference to the endorsement of a check tendered in part payment of the purchase price. Thereupon Lingle caused his signature to said deed to be marked “can-celled”, and left the notary’s office.
 

 On October 19, 1943, further demand in writing was made on John Lingle to comply with the promise to sell the property, and he was informed that, upon his failure so to comply with the promise to sell, suit for specific performance, damages, and attorney’s fees would be filed without further notice.
 

 Lingle refused to comply with the.promise to sell, and plaintiff on November 15, 1943, instituted this suit in the Civil District Court, Parish of Orleans, Division “C”, against Mrs. Margaret Sispela Cox and Milo Cox, Lingle’s principals. .
 

 
 *329
 
 Defendants through counsel filed an exception to plaintiff’s petition, alleging (1) that the petition was vague and indefinite; (2) that it contained inconsistent demands, and (3) that it set out no cause or right of action. This exception was overruled by the lower court, and defendants filed an answer of general denial.
 

 After trial on the merits, the lower court on April 4, 1944, rendered judgment in favor of plaintiff, Theo Primos, and against defendants, Mrs. Margaret Sispela, wife of Milo Cox, and said Milo Cox, ordering defendants individually or through their agent, John Lingle, to execute the act of sale and make delivery to plaintiff, Theo Primos, of the property in question, free of all encumbrances, upon the payment by plaintiff of the purchase price of $13,500, less $1350 deposited with the real estate brokers; taxes and rents to be adjusted and accounted for as of September 29, 1943; all rents subsequent to said date to be accounted for to plaintiff and all taxes subsequent to that date to be borne by plaintiff; defendants to be allowed interest at the rate of 5 per cent per annum on $12,-150 from September 29, 1943, until payment of the adjusted balance due by plaintiff on the purchase price after deduction of rents and costs; and plaintiff to have interest at the rate of 5 per cent per annum on the monthly rentals.
 

 It was further ordered that, in the event defendants, individually or through their agent, should fail to execute said deed and transfer possession of the property to plaintiff within 10 days after the judgment became final, the plaintiff, Theo Primos, be recognized as the owner of the property, with the right to the possession and revenues thereof as of September 29, 1943, upon plaintiff’s depositing with the clerk of court for the account of the defendants the sum of $12,500 with 5 per cent per annum interest thereon from September 29, 1943, less $115 for rents for the month of October, 1943, and $165 per month of rents for each month thereafter, with 5 per cent per annum interest from the last day of each month in which said rents became due, and less all costs incurred by plaintiff in these proceedings and for certificates, etc., which costs were fixed as of the date of the judgment at $97.63, and less the sum of $9201.10, representing the mortgage indebtedness on said property; and further ordered that registry in the conveyance office of the parish of a copy of this judgment, with the receipt of the clerk of court endorsed thereon for the amount deposited by plaintiff, operate as notice of plaintiff’s ownership of the property to the same extent as registry of an act of sale to him by defendants.
 

 From this judgment, defendant Mrs. Margaret Sispela, wife of Milo Cox, appealed suspensively to this court.
 

 Appellant has made no appearance in this court either in person or through counsel, and filed no brief here, and we do not. know for what reason, upon what grounds, or in what respect she contends the judgment appealed from is in error.
 

 Plaintiff instituted this suit for specific performance of a promise to sell un
 
 *331
 
 der the provisions of Article 2462 of the Revised Civil Code, as amended, which reads in part as follows:
 

 • “A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same.”
 

 This suit was brought against Mrs. Margaret Sispela, wife of Milo Cox, and Milo Cox, principals of John Lingle, agent and attorney-in-fact, and the said principals in no way questioned the power and authority of their agent, Lingle, to act for them and in their stead under the provisions of the written power of attorney granted by them to Lingle, which power of attorney was filed in evidence in the court below.
 

 A reading of the testimony discloses that the only reason that the agent, Lingle, gave for his refusal to comply with the promise to sell was that he objected to the manner in which the notary endorsed a check to be given in part payment of the purchase price. After the deed had been executed, the notary endorsed a $9000 cashier’s check payable to John Lingle as agent of the vendors. Lingle objected to this form of endorsement and caused his signature as agent and attorney-in-fact for his principals to be marked “cancelled” on the deed, and left the office. In his testimony he admits that he did not insist that the consideration named in the deed be paid in cash, and that he was willing to accept the check had it been made payable to him individually and not as agent and attorney-in-fact.
 

 We are unable to understand just why Lingle refused to accept the check endorsed to him as agent and attorney-in-fact, especially since, by the very power of attorney under which he was acting, he had full power arid authority to deposit or cash the check and receive the funds therefor. In our opinion this reason was no justification for his refusal to execute the deed and deliver the property pursuant to the promise to sell which he had executed on behalf of his principals and which had been accepted by plaintiff herein, who was, and has at all times been, ready and willing to comply with the terms and conditions thereof.
 

 As stated hereinabove, appellant has made no appearance in this court, and we do not know on what ground the exception filed to plaintiff’s petition was based, and we see no merit therein.
 

 For the reasons hereinabove assigned, the judgment appealed from is affirmed; appellant to pay all costs of this appeal.